# STATE OF MICHIGAN

# COURT OF APPEALS

---

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

CORTEZ WARDELL WILLIS,

        Defendant-Appellant.

UNPUBLISHED
August 18, 2016

No. 327487
Wayne Circuit Court
LC No. 15-000637-FC

---

Before: MURPHY, P.J., and STEPHENS and BOONSTRA, JJ.

PER CURIAM.

Defendant was convicted following a bench trial of carjacking, MCL 750.529a. On scoring of the guidelines, his minimum sentence range was 42 to 70 months, and the trial court imposed a sentence of 42 months to 25 years' imprisonment. Defendant appeals as of right, solely challenging his sentence. We affirm.

Defendant was originally sentenced in April 2015, which was prior to our Supreme Court's decision in *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015), which declared that the existing sentencing guidelines were constitutionally deficient under the Sixth Amendment to the extent that they required judicial fact-finding beyond facts admitted by the defendant or found by the jury to score the offense variables (OVs), so as to mandatorily increase the floor of the guidelines minimum sentence range. The Court remedied the constitutional infringement by holding that guidelines calculated in violation of the Sixth Amendment are advisory only and that sentencing departures are to be reviewed for reasonableness. *Id.* at 365. At the sentencing hearing conducted pre-*Lockridge*, defendant had implored the trial court to impose a sentence that departed downward from the guidelines, and the court indicated that substantial and compelling reasons did not exist in support of a departure. After *Lockridge* was issued, defendant filed a motion for resentencing, citing *Lockridge* and arguing that substantial and compelling reasons were no longer necessary to impose a departure.

At the hearing on defendant's motion, *Lockridge* was thoroughly discussed, including that part of *Lockridge* applying plain-error analysis in the context of whether a *Crosby*[1] remand

---

[1] *United States v Crosby*, 397 F3d 103 (CA 2, 2005).

should be ordered.[2]  The trial court noted that it had reviewed defendant's entire file, including the presentence investigation report and the guidelines scores, and it ruled that its sentence would not have been any different under advisory guidelines and the holding in *Lockridge*. Accordingly, the trial court denied the motion for resentencing.  Effectively, the trial court gave defendant the full benefit of a *Crosby* remand.  We note that defendant would not have even been entitled to a *Crosby* remand, where his total OV score was five points, placing him at OV level I on the applicable class A grid, MCL 777.62, and where the subtraction of those five points would not have changed the minimum guidelines range.  *Lockridge*, 498 Mich at 394-399.

Defendant's sole and cursory contention on appeal is that the plain-error test and *Crosby* remand analysis applied in *Lockridge* are inapplicable here, given that defendant *preserved* his constitutional challenge of the sentence by filing the motion for resentencing, while the issue was *unpreserved* in *Lockridge*.  Implicit in defendant's argument is that resentencing and not a *Crosby* remand should be ordered when a Sixth Amendment sentencing challenge was preserved.  See *People v Biddles*, __ Mich App __, __; __ NW2d __ (2016); slip op at 4-5 (distinguishing the remedies of resentencing and a *Crosby* remand).  Defendant's argument lacks merit in light of this Court's ruling in *People v Stokes*, 312 Mich App 181; 877 NW2d 752 (2015), which addressed a preserved Sixth Amendment sentencing challenge.  The *Stokes* panel held that the *Crosby* remand procedure set forth in *Lockridge* is equally applicable with respect to preserved errors in the context of harmless-error analysis.  *Id.* at 198-203.  This Court concluded that "our Supreme Court intended the *Crosby* procedure to apply to both preserved and unpreserved errors."  *Id.* at 200.  And the panel remanded "the matter to the trial court to follow the *Crosby* procedure in the same manner as outlined in *Lockridge* for unpreserved errors."  *Id.* at 203.

Given the *Stokes* opinion, defendant is simply not entitled to the requested resentencing. First, as observed earlier, a *Crosby* remand would not even be implicated in this case, as the minimum sentence range would not be altered by reducing defendant's OV score by five points; any error was harmless.  Second, the trial court treated defendant as if he was actually before the court on a *Crosby* remand, essentially rendering moot any *Crosby*-related issue.    Third,

---

[2] In *Lockridge*, 498 Mich at 399, the Supreme Court explained:

> To make a threshold showing of plain error that could require resentencing, a defendant must demonstrate that his or her OV level was calculated using facts beyond those found by the jury or admitted by the defendant and that a corresponding reduction in the defendant's OV score to account for the error would change the applicable guidelines minimum sentence range. If a defendant makes that threshold showing and was not sentenced to an upward departure sentence, he or she is entitled to a remand [to] the trial court for that court to determine whether plain error occurred, i.e., whether the court would have imposed the same sentence absent the unconstitutional constraint on its discretion. If the trial court determines that it would not have imposed the same sentence but for the constraint, it must resentence the defendant.

defendant does not substantively challenge his sentence.   In sum, neither resentencing nor remand is warranted.

Affirmed.


/s/ William B. Murphy
/s/ Cynthia Diane Stephens
/s/ Mark T. Boonstra